UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID BRIAN MORGAN,

        Petitioner,

v.

UNITED STATES,

        Respondent.

Civil Action No. 22-1060 (UNA)

## MEMORANDUM OPINION

Petitioner, appearing *pro se*, is an Oklahoma state prisoner who is incarcerated in Lexington, Oklahoma. He seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2011 conviction in the County District Court in Oklahoma City. Pet. at 1, ECF No. 1. For the following reasons, this case will be dismissed.

Section 2254 authorizes federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Before obtaining review, a petitioner must first exhaust his available state remedies. *See* 28 U.S.C. §2254(b)(1). Thereafter, he may file an application in the district court with jurisdiction to grant the writ, which in this case sits in Oklahoma.[1] *See* 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by . . . the district courts and any circuit judge within their respective jurisdictions[.]").

---

[1] *Cf.* 28 U.S.C. § 2242(d) (conferring concurrent jurisdiction in both the sentencing court and the district court of the district of confinement if the applicant is challenging "the judgment and sentence of a State court of a State which contains two or more Federal judicial districts").

1

From all indications, Petitioner has run the habeas gamut in the Western District of Oklahoma. *See Morgan v. Bear*, 652 Fed. App'x 597, 598 (10th Cir. 2016) (denying request for certificate of appealability and recounting that in "*Morgan II*," the "district court dismissed [Petitioner's] § 2254 claims as unauthorized second or successive claims under § 2244(b)"); *see also Morgan v. Bear*, 2018 WL 2210449, at *1 (W.D. Okla. Apr. 13, 2018) ("This is the eighth case Petitioner has filed in this Court seeking habeas relief, each challenging in one way or another the 2011 state-court conviction and sentence of life imprisonment."). In any event, this Court has no jurisdiction over the matter. Consequently, this case will be dismissed by separate order.

Date: May 6, 2022

_____
TREVOR N. McFADDEN
United States District Judge